IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSEPH BOND, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. : 1:24-cv-00075-MJT |
| Plaintiff, | : : |
| v. | : **JOINT REPORT OF SCHEDULING** : **CONFERENCE** : |
| FOLSOM INSURANCE AGENCY LLC, CODY FOLSOM, and BERKSHIRE HATHAWAY HOMESTATE COMPANIES | : : **JURY TRIAL DEMANDED** : : |
| Defendants. | |

## JOINT CONFERENCE REPORT

Pursuant to this Court's form, the Parties file this joint Rule 26 report as follows:

1. A brief factual and legal synopsis of the case.

**Plaintiff's Statement:** The Plaintiff, Joseph Bond, brings this cause of action against the Defendant for violating the "Robocall" provisions of the Federal Telephone Consumer Protection Act against the Defendants for sending a prerecorded call selling their insurance services to his cellular telephone without his consent. The elements this claim are: (1) the defendant called a cellular telephone number or other prohibited number; (2) using an artificial or prerecorded voice; (3) for non-emergency purposes and without consent. 47 U.S.C. § 227(b)(1)(A)(iii).

**Folsom Defendants' Statement:** Defendants Folsom Insurance Agency, LLC, and Cody Folsom ("Folsom Defendants") deny that they violated the Federal Telephone Consumer Protection Act. Further, Plaintiff's claims are barred in whole or in part by the doctrines of waiver, ratification, estoppel, equitable estoppel, unclean hands, and failure to mitigate his damages. Further, Plaintiff's claims are barred in whole or in part by 47 C.F.R. § 64.1200(c)(2)(i)(A)-(E),

47 U.S.C. § 227(c)(5)(c). Further, Plaintiff claims are barred in whole or in part because Plaintiff was not charged for the ringless voicemail as required by the TCPA.

2. The jurisdictional basis for this suit.

**Response:** This Court has federal question subject matter jurisdiction, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). The Parties do not contest subject matter jurisdiction.

3. Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this Order have been completed.

**Response:** The parties have completed initial mandatory disclosures as required by Rule 26(a)(1) and this Order.

4. Proposed Scheduling Order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule. Now is the time to inform the court of any special complexities or need for more time before the trial setting. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

**Response:** Since the parties are moving to transfer the venue to Northern District of Texas – Dallas Division, the parties will comply with the assigned judge's orders in that venue on the scheduling order deadlines.

5. If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.

**Response:** The Plaintiff has tendered the name and information of a proposed mediator for the Defendants to take to their clients and will inform the Court about the status and timing of any potential mediation.

6. What changes, if any, should be made to the limitations on discovery imposed by the rules, including number of depositions and interrogatories.

**Response:** Plaintiff proposed no changes or limitations at this time. Folsom Defendants request that this Court bifurcate individual and class discovery.

7. The identity of persons expected to be deposed.

**Plaintiff's Statement:** The Plaintiff intends to depose, at minimum, the Defendants' 30(b)(6) representatives, owners and/or employees of Defendants, as well as any third parties which may have been involved in the calling conduct complained of.

**Folsom Defendants' Statement**: Folsom Defendants intend to depose Plaintiff, as well as any third parties that have knowledge about the facts of this case as developed through discovery.

8. Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**Response:** The parties anticipate no issues currently with disclosure or discovery of ESI. The parties will co-operate in a collaborative process to review and resolve any disclosure or discovery disputes regarding ESI and will inform the Court if further changes or orders are needed.

9. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.

**Response:** The parties anticipate no issues currently with disclosure or discovery of discoverable information. The parties will co-operate in a collaborative process to review and

resolve any disclosure or discovery disputes regarding claims of privilege and preservation and will inform the Court if further changes or orders are needed.

10. Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

**Response:** The Plaintiff desires no such orders at present. In the event proprietary information is subject of written discovery, Folsom Defendant will require a protective order.

11. The expected length of trial and whether it will be to a jury or the bench.

**Response:** Trial will last approximately a week if tried individually and 2-3 weeks if tried as a class action and class certification is granted. The Plaintiff demands a jury trial.

12. The names of the attorneys who will appear on behalf of the parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

**Response:** Anthony Paronich for Plaintiff. Jason R. Jobe and/or Yesha P. Patel for Folsom Defendants.

13. Any other matters that counsel deem appropriate for inclusion in the Joint Conference Report.

**Response:** Counsel for Plaintiff inadvertently filed this case in the Beaumont Division. This is because the ECF system automatically selects Beaumont as the division because it begins with "B" in the dropdown menu when a case is filed. The Parties jointly consent to movement of this case to Northern District of Texas – Dallas Division as the main Defendant was located in Kaufman County at the time of the incident, which lies in the Northern District of Texas - Dallas Division.

Folsom Defendants request that the court bifurcate individual and class discovery in this case.

Respectfully submitted,

**PARONICH LAW, P.C.**

By: */s/ Anthony Paronich*
Anthony Paronich
State Bar No. 678437
Email: anthony@paronichlaw.com

350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

**ATTORNEYS FOR PLAINTIFF**

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Jason R. Jobe*
Jason R. Jobe
State Bar No. 24043743
Email: jjobe@thompsoncoe.com
Yesha P. Patel
State Bar No. 24098228
Email: ypatel@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

**ATTORNEYS FOR DEFENDANTS FOLSOM INSURANCE AGENCY, LLC, AND CODY FOLSOM**